IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142,<br><br>    Plaintiff,<br><br>    vs.<br><br>JOHN TIA, GAUULA TIPENI,<br>JAMES TIA, MELISSA AIONO,<br>TANYA TIPENI, BENJAMIN<br>SALIMA, JASON AKASAKI,<br>CAPT. BAKER, ALL HCF<br>EMPLOYEES, OFFICE OF THE<br>ATTORNEY GENERAL, ARYAN<br>BROTHERHOOD, DEP'T OF<br>PUBLIC SAFETY, NEIL A.<br>ABERCROMBIE, CCA, FBI,<br>CAPT. CAL MOCK,<br><br>    Defendants.<br>_____ | CIV. NO. 16 00522 SOM/KSC<br><br>ORDER DENYING IN FORMA<br>PAUPERIS APPLICATION<br>PURSUANT TO 28 U.S.C.<br>§ 1915(g) AND DISMISSING<br>ACTION |

**ORDER DENYING IN FORMA PAUPERIS APPLICATION PURSUANT TO 28 U.S.C. § 1915(g) AND DISMISSING ACTION**

Before the court is pro se Plaintiff Peter R. Tia's prisoner civil rights Complaint and in forma pauperis ("IFP") application.  Tia refers to a civil suit he filed in this court, *Tia v. Criminal Investigation Demanded*, 1:10 cv 00383 SOM/BMK, in which he demanded that a criminal investigation be commenced under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964.  In that suit, Tia alleged

that his family members, Mainland and Hawaii prison officials, the FBI, the Corrections Corporation of America, and various gangs throughout the United States were engaged in a vast criminal enterprise and conspiracy against him.  On August 5, 2010, this court dismissed Civil 1:10 cv 00383 SOM/BMK for failure to state a claim.  ECF No. 14 (Order Denying Motion for Reconsideration, Denying In Forma Pauperis Application, Denying Request for Copies, And Dismissing Action).

Tia apparently seeks to reinstate the claims he raised in 1:10 cv 00383 SOM/BMK in the present action.  He repeats his request for a judicial declaration that all named Defendants are part of a criminal enterprise.

## I.   28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike."  *Id.* at 1120.

Tia has accrued at least three "strikes" under § 1915(g):

   (1) *Tia v. Fujita*, 1:08 cv 00575 HG/BMK (D. Haw. Jan. 27, 2009) (dismissed for failure to state a claim);

   (2) *Tia v. Criminal Investigation Demanded*, 1:10 cv 00383 SOM/BMK (D. Haw. Aug. 5, 2010) (dismissed as frivolous and for failure to state a claim); and

   (3) *Tia v. Criminal Investigation*, 1:10 cv 00441 DAE/BMK (D. Haw. July 30, 2010) (dismissed as frivolous and for failure to state a claim).

*See* PACER Case Locator http://pacer.psc.uscourts.gov (last visited Oct. 10, 2016). Tia has had notice of these strikes and opportunities to challenge them. *See, e.g., Tia v. Borges*, 1:12 cv 00158 HG/BMK (D. Haw. 2012), and App. No. 12 16158 (9th Cir. Aug. 9, 2012), ECF No. 26 ("[T]he district court correctly determined that appellant has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim[.]"). Tia may not bring a civil action without complete prepayment of the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

"[T]he [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055. Tia's allegations do not support an inference that he was in imminent danger of serious physical

injury when he filed this action.  Tia may not proceed without payment of the civil filing fee.

## II.    CONCLUSION

Tia's in forma pauperis application is DENIED pursuant to 28 U.S.C. § 1915(g) and this action is DISMISSED without prejudice to refiling these claims in a new action with concurrent payment of the civil filing fee.  Any pending motions are terminated.  The Clerk of Court shall close the case.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii; October 18, 2016.



      /s/ Susan Oki Mollway
      Susan Oki Mollway
      United States District Judge

*Tia v. Tia,* 1:16-cv-00522 SOM/KSC; 3stk 2016/ Tia 16-522 som (no im dgr racketeering claims); J:\PSA Draft Ords\SOM\Tia 16-522 som (no im dgr racketeering claims).wpd